HERMAN HELLBAUM COMPANY, a Wyoming corporation, Herbert D. Havely, also known as Herb Havely, Joe Weber, Glen Weber and John E. Thalen, Plaintiffs,

v.

C. James FENN, Willard Hoffman, Henry Weber, Constituting and Being the Platte County Wheat Marketing Quota Review Committee for the Southeastern District of Wyoming, Defendants.

Estelle BOSTWICK, otherwise known as Mrs. Roscoe Bostwick, Petitioner,

v.

Henry WEBER, C. James Fenn and Willard Hoffman, comprising the Review Committee for the State of Wyoming, U. S. Department of Agriculture, Commodity Stabilization Service, Respondents.

Civ. Nos. 4200, 4201.

United States District Court
D. Wyoming.

May 26, 1960.

Jones & Jones, Wheatland, Wyo., for plaintiffs Herman Hellbaum Co. et al.

Henderson & Godfrey, Cheyenne, Wyo., for petitioner Bostwick.

John F. Raper, Jr., U. S. Dist. Atty., Cheyenne, Wyo., for defendants and respondents.

KERR, District Judge.

In these two cases the plaintiffs seek a review of the determinations of the Wheat Marketing Quota Review Committee for the Southeastern District of Wyoming. Plaintiffs complain that the 1959 wheat acreage allotments established for plaintiffs' farms constitute a reduction unauthorized by law. The wheat bases and allotments which dissatisfy the plaintiffs were established by the Platte County Agricultural Stabilization and Conservation Committee, and were reviewed and approved by the state reviewing committee.

The jurisdiction of this Court to review the matters before it is "limited to questions of law, and the findings of fact by the review committee, if supported by evidence shall be conclusive". 7 U.S.C.A. § 1366.

The plaintiffs attack the constitutionality and validity of the regulations pursuant to which the local committees established the 1959 farm acreage allotments. Title 7, Ch. VII, Part 728, C.F.R., 23 F.R. 1672. Counsel for both parties have furnished the Court with detailed

analyses of the facts, the history of the regulations applicable thereto, and of the judicial determinations on the subject. I have the advantage, also, of a judicial construction of the historical background of the pertinent regulations as outlined in the cases of Edmund Hollstein v. Nebraska State Marketing Quota Review Committee and Wellnitz v. Nebraska State Marketing Quota Review Committee, D.C.Neb.1959, 179 F.Supp. 657.

Plaintiffs have presented to this Court no questions of law which have not already been passed upon by the Court of Appeals for the Tenth Circuit in Rigby et al. v. Rasmussen et al., 1960, 275 F.2d 861, by the District Court of Montana in Moe v. Wesen, 1959, 172 F.Supp. 259, and by the District Court of Nebraska in the Hollstein and Wellnitz cases, supra. I am in complete accord with the findings and conclusions in those decisions.

Plaintiffs contend that the wheat base for the prior year should have been continued or carried forward to 1959 in lieu of the historical acreage average for the years 1954, 1955, 1956 and 1957. They urge that diversion credit is an invention of the Department of Agriculture and amounts to a penalty provision not found in the Agricultural Adjustment Act of 1938 as amended. The element of diversion credit is necessarily applied by the Secretary of Agriculture to equate the situation wherein compliers reduced their acreage to comply with their allotments and noncompliers knowingly exceeded their acreage allotments. In the Rasmussen case, supra, at page 863 of 275 F.2d, the use of the acreage diversion was held to be "within the immediate statutory framework". See also Moe v. Wesen, supra, 172 F.Supp. at page 265.

As in the Rasmussen case, supra, at page 864 of 275 F.2d, plaintiffs assail the validity of the regulation which penalizes overplanting or overproduction, whereas, they theorize, the purpose of the statute is merely to control marketing. I agree with Judge Murrah's analysis of the Act and with his conclusion that "penalization of overplanting is consonant with the statutory purposes".

Plaintiffs urge this Court to find the regulations unconstitutional and invalid as contrary to the Act, for the reason that they were deprived of their property without due process. In other words, they claim that the regulations for the 1959 farm acreage allotments penalize them without forewarning for the overplanting in the prior years that was heretofore condoned by the Secretary.

This issue was raised and answered in the Hollstein and Wellnitz cases wherein the Court for the District of Nebraska determined that the regulations did not create a penalty system for overplanting. In taking into account "past acreage of wheat" 7 U.S.C.A. § 1334(c), the cooperating farmer is credited with the acreage he planted within his allotment plus the acres diverted under the program; and the noncooperating farmer is credited with what he actually planted. By exceeding his allotment the latter farmer has taken himself beyond the boundaries of the Act.

Plaintiffs have taken the position that even though the regulations are unconstitutional, yet the County Committee incorrectly applied them. They refer to the 1958 regulations which permitted the use of the prior base if the County Committee believed that such use would be fair and equitable and would comply with the five statutory standards. This argument is logically rebutted at page 865 in the Rasmussen case, where the Court made the following statement:

"We take this to mean that in order to be reusable, the old base acreage must substantially conform to the regulation's formula for new calculations of base acreage * * *".

In the light of the record before me, I am satisfied that the committee properly exercised its authority when it determined that the old or prior bases were inaccurate when measured against the new regulatory calculations and therefore not usable.

It is the opinion of this Court that the regulations are not plainly and palpably inconsistent with the Act, and therefore they are not lightly to be overturned as unconstitutional. This Court finds that the regulations are valid and amount to an equitable and reasonable exercise of administrative power within the Act. Upon a review of the evidence presented to the Review Committee, this Court finds that the findings of the Committee are supported by substantial evidence and the determination of that Committee should be affirmed.